**Steven A. EMERSON, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE, Defendant.**

Civ. A. No. 84–1304.

United States District Court, District of Columbia.

March 12, 1985.

image id 1

Irvin B. Nathan, Edward L. Wolf, Washington, D.C., for plaintiff.

Jenny A. Sternbach, Sp. Asst. U.S. Atty., Washington, D.C., for defendant.

### MEMORANDUM

GESELL, District Judge.

This is a Freedom of Information Act complaint before the Court on cross-motions for summary judgment[1] to resolve disputed exemption claims. Plaintiff, a freelance writer, seeks documents from the Criminal Division of the United States Department of Justice and from the Federal Bureau of Investigation concerning certain individuals who have registered under the Foreign Agents Registration Act (FARA), 22 U.S.C. § 611 *et seq.* More than 900 documents have been released and some disputes resolved in prior proceedings.

The remaining issues, involving primarily claims by the Criminal Division for exemption under (b)(7)(C) of FOIA, 5 U.S.C. § 552(b)(7)(C), have been fully briefed and considered by the Court, aided by an *in camera* inspection and affidavits filed pursuant to this Court's Orders of January 31, 1985, and February 19, 1985.

The Criminal Division has a dual role under FARA. It acts as the administrative agency to implement routine procedures under the Act and also enforces criminal sanctions and civil remedies as provided in the Act. 22 U.S.C. §§ 615, 618.

An *in camera* hearing was necessary to review document Nos. 192 to 214 which the Division withheld, and to consider the Division's refusal on privacy grounds to state whether any named registrant covered by plaintiff's request had been subject to an investigation and, if so, whether responsive documents exist in the Division's files.

The Court first considers the Division's broad claim in its *Vaughn* affidavit[2] that the fact of investigation, if one occurred as to an individual registrant, connotes wrongful or even criminal conduct so that disclosure of the mere fact of investigation would constitute an unwarranted invasion of privacy.[3]

Exemption (b)(7)(C), like the more exacting exemption (b)(6),[4] is intended to apply to private information of an "inti-

---

1. Plaintiff's motion was styled a motion for only partial summary judgment. However, plaintiff has not identified what aspect of the case would remain unsettled if his motion was granted. The motions are treated as seeking disposition of the entire case.

2. The Declaration of L. Jeffrey Ross asserts: The registrants' right of privacy would be seriously compromised beyond the requirements and purposes of the FARA by the confirmation of an inspection of their records and books by the Department, and the existence of such inspection records. The registrants could be stigmatized since such information could imply improper actions by the subject of an inspection. An inspection connotes an investigation, which, in turn connotes an allegation of some form of wrongful conduct.... Ross declaration at 10. In its briefs the government characterizes such investigations as in-

volving "potential criminal wrong-doing." *E.g.,* Defendant's reply brief at 2.

3. The Division invokes that section of FOIA exempting from disclosure
   (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy[.]
   5 U.S.C. § 552(b)(7)(C). None of the registrants covered by plaintiff's request have consented to release of material in the Division's files.

4. Defendant also invoked exemption (b)(6) in this case but relies primarily on exemption (b)(7)(C). The balancing inquiry discussed below is weighted more heavily against the government under exemption (b)(6) than under (b)(7)(C). It is thus only necessary to consider the (b)(7)(C) exemption.

mate personal nature." *Sims v. Central Intelligence Agency*, 642 F.2d 562, 573–74 (D.C.Cir.1980). Under this standard, information connected with one's business or professional relationships is not generally exempt. *Id.* at 574; *Cohen v. Environmental Protection Agency*, 575 F.Supp. 425, 429 (D.D.C.1983). However, in recognition of the stigma potentially attached to criminal law enforcement investigations, it has been held that disclosure of the fact that an individual has been subject to such an inquiry but not charged with a crime represents a "severe intrusion" on personal privacy, even where the alleged criminal acts stem wholly from the subject's business or professional conduct. *See Fund for Constitutional Government v. National Archives*, 656 F.2d 856, 866 (D.C.Cir. 1981). Even then, however, there is no per se rule against disclosure. The Court is required to balance the privacy interests of the individuals in question against the public interest in disclosure. *Id.; Bast v. Department of Justice*, 665 F.2d 1251, 1254 (D.C.Cir.1981). In addition, this exemption for criminal investigations has been limited to those cases where the specific information sought to be disclosed has "tend[ed] to indicate that a named individual has been investigated for suspected criminal activity." *Fund for Constitutional Government*, 656 F.2d at 863. It has not been held that the mere existence of criminal sanctions in an administrative regulatory scheme creates an automatic inference that an individual investigated under the regulatory scheme has been investigated for criminal wrongdoing.[5]

The Act makes clear that the investigations conducted by the Division under FARA are primarily civil, not criminal, in nature. While willful violations of the Act or willfully false statements filed pursuant to the Act are punishable as crimes, 22 U.S.C. § 618(a), the Act primarily contemplates civil enforcement through government inspections and notices of deficiencies in registration statements. 22 U.S.C. §§ 615, 618(g). These informal investigations for law enforcement purposes may be prompted by a news article, a discrepancy suggested by review of a filing, a complaint, an inquiry by the registrant, or some other more or less routine development. Under the Act's record-keeping and inspection provisons, 22 U.S.C. § 615, the investigation sometimes leads to a detailed financial audit. Often copies of papers in the registrant's file are obtained for further examination. They may or may not be returned to the registrant. Some of these papers may include diary entries, entertainment guest lists, explanation of certain expenditures and other details of the registrant's activities, including activities that are not required to be reported.

The thrust of most investigations of this type is not punitive but rather directed to assure full and complete public disclosure to the extent required by the Act. Where deficiencies are found, the registrant is required to update his public filing with an appropriate amendment which reveals the essence of any previous failure fully to report which the investigation has revealed. 22 U.S.C. § 618(g). Only the most egregious violations showing willfulness are punishable as crimes. 22 U.S.C. § 618(a).[6]

Registrants appear to cooperate in such inquiries while safeguarding details of their personal and non-registrant business activities from unnecessary public disclosure. Once the investigation has been completed and any amendments found necessary have been filed, the inquiry is normally closed without resort to any further sanction. Such a pattern was disclosed by the records examined *in camera* by the

---

5. Criminal penalties are of course common in federal regulatory schemes. *See, e.g.*, 42 U.S.C. § 6928(d) (Resource Conservation and Recovery Act); 21 U.S.C. § 333 (Food, Drug and Cosmetic Act); 15 U.S.C. § 2070 (Consumer Product Safety Act).

6. This is typical of other federal enforcement regimes where scienter is an element of the offense.

Court in this case. No criminal sanctions are involved here.[7]

It is in this context that the Court must determine whether by balancing the public and private interests the Division's file of any investigation that may have involved a named registrant must be disclosed to this FOIA requester. Exemption (b)(7)(C) will not wholly support the position taken by the Division as to such investigative materials once the balance is struck.

■ The Court has concluded that the fact that a law enforcement administrative investigation by the Division occurred to assure civil compliance with FARA by any of the individuals who are the subject of plaintiff's requests does not provide automatic exemption under (b)(7)(C) of all papers generated. Although such inquiries may be viewed with alarm by the subjects involved, they are not basically criminal in nature and primarily lead to a review of information contained in records which each registrant is required to maintain by FARA regulations to determine whether or not a further or modified disclosure is required.

Such an investigation may generate data under several categories:

(1) Details underlying information already adequately reported.

(2) Purely personal activities engaged in by the registrant which are wholly unrelated to any activity as a registrant.

(3) Information that should have been reported and which is thereafter required to be reported in summary form.

■ In weighing the public interest in disclosure under each of these categories against whatever privacy interests may exist, it should be noted that plaintiff asserts he has no interest in material falling under (2) above. Here privacy interests predominate and irrelevant personal data turned up

in the inquiry obviously need not be disclosed. Similarly, where an inquiry simply confirms the adequacy of previous reports and supplemental information is not required to be reported, such information by the very nature of the problem is of no determinable public interest. Thus privacy interests predominate as to category (1). The Court concludes that records disclosing only items under (1) and (2) need not be disclosed in any form nor need the fact of investigation itself be disclosed if it leads only to material covered by (1) and (2).

■ However, category (3) brings into the balance much stronger public interests in disclosure. There is a strong public interest in the public and the Congress to be fully apprised of the types of activity which registrants, either by inadvertence or design, withhold although subject to the disclosure strictures of FARA. While such activities if uncovered are required to be disclosed, albeit belatedly, this is done in summary form in the public registration statements, a process that does not wholly satisfy the strong public concern with what occurred. The public also has an interest in monitoring the vigor of the government's enforcement of the regulatory scheme when unreported activity is revealed. In addition, privacy interests in such circumstances are relatively inconsequential. Extending exemption to this class of data on privacy grounds would ignore the purpose of the FARA and encourage noncompliance. The balance strongly favors disclosure of records in category (3), including related records showing the investigation itself and steps taken to develop the category (3) data. Where such a productive investigation has occurred, only material falling under categories (1) and (2) may be withheld. Except as to these categories exemption (b)(7)(C) may not be claimed.[8]

---

7. There is no contention here that the disputed files involve pending or possible future investigations and thus would fall under exemption (b)(7)(A) as interfering with enforcement proceedings. *See NLRB v. Robbins Tire & Rubber*

*Co.,* 437 U.S. 214, 236, 98 S.Ct. 2311, 2324, 57 L.Ed.2d 159 (1978).

8. This holding, moreover, will establish incentives for FARA registrants to comply fully with disclosure requirements in the first instance, since belated disclosure following investigation

There is another type of document present in the Division's FARA files. Occasionally a registrant or his lawyer may write seeking the Division's advice as to whether an on-going or prospective course of conduct must be disclosed under the Act. The Court holds disclosure of such communications exempt under (b)(7)(C). There is little if any public interest in disclosure and a strong interest in privacy. Nondisclosure indeed promotes smooth functioning of the Act since it encourages compliance by allowing registrants openly to seek advice without disclosure. Such inquiries may reveal private facts of a future business nature and present data beyond any information required to be reported.[9] Plaintiff does not apparently seek this material. He states he wants to know whether registered agents' activities were undertaken in compliance with applicable law, by which he appears to seek proof of noncompliance. In any event, under any weighing of the public interest against privacy interests, nondisclosure is indicated so long as the registrant complied with the Division's decision when a ruling is sought.

As to other aspects of the case, the Court rules as follows.

Exemptions claimed by the Division as to document Nos. 79 and 84 are sustained after inspection.

As to the request directed to the FBI, the FBI has not been involved in any investigation of any named registrant for noncompliance with FARA. It has made available *in camera* two documents developed some years ago for other reasons which in passing refer to a named registrant as a registrant. No noncompliance with FARA by a registrant is suggested in these papers. If these documents are deemed to fall within the request, which is very doubtful, the exemptions claimed for them are sustained after *in camera* review.

will subject them to greater disclosure under FOIA than if they had complied originally.

9. The *in camera* affidavit of Joseph E. Clarkson made clear that parties seeking the Division's advice on registration statements are encouraged to make detailed disclosures and are assured that their statements are confidential.

Plaintiff's motion for summary judgment is thus granted in part and denied in part, and the Criminal Division shall within 20 days release documents, if any, presently withheld which are not exempted from disclosure under (b)(7)(C) by the foregoing Memorandum. In all other respects defendant's motion for summary judgment is granted.

His affidavit also would have supported an exemption under section (b)(4) of FOIA for confidential commercial information. *See Washington Post Co. v. U.S. Department of Health and Human Services,* 690 F.2d 252, 268–69 (D.C.Cir. 1982). Exemption (b)(4) was not claimed here.